IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RUSH, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>FLEX LTD., FLEXTRONICS INTERNATIONAL USA, INC., and FLEXTRONICS AMERICA, LLC,<br><br>    Defendants. | Case No. 1:25-cv-05722<br><br>Circuit Court of Cook County, Illinois County Department, Chancery Division Case No.: 2025CH04154<br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

Defendant Flextronics International USA, Inc. ("Flex USA" or "Defendant"), by its attorneys and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, hereby removes this action from the Circuit Court of Cook County, State of Illinois to the United States District Court for the Northern District of Illinois. In support of removal, Flex USA states:

**I.    PLAINTIFF'S CLAIMS AND RELIEF SOUGHT**

1. On April 14, 2025, Plaintiff, Robert Rush ("Plaintiff"), commenced this action in the Circuit Court of Cook County, Illinois, by filing a lawsuit captioned *Rush v. Flex Ltd., et al.*, Case No. 2025CH04154 (the "State Court Action").

2. Plaintiff's Class Action Complaint ("Complaint") in the State Court Action alleges that Flex USA violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, by implementing and requiring employees to use a timekeeping system that used and stored its Illinois employees' biometric data without (1) informing them in writing of the specific purpose and length of time their biometric data were to be collected, stored, and used; (2) obtaining written consent to collect, capture, or otherwise obtain their biometric data;

(3) obtaining written consent to disclose their biometric data; or (4) providing a publicly available retention schedule and guidelines for permanently destroying employees' biometric data.[1] *See* **Exhibit A**, Complaint, ¶¶ 49-51, 78, 87-88, 97.

3. The alleged biometric data at issue in this lawsuit are scans of facial geometry used to clock in and out of work. *See id.* at ¶¶ 26-35.

4. Specifically, Plaintiff alleges that, "individuals who work at Defendants' Buffalo Grove locations are required to have their facial geometry scanned to enroll them in Defendants' biometric timeclock(s) and biometric timekeeping system(s)." *Id.* at ¶ 38.

5. For himself and each member of the putative class, Plaintiff seeks: "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)." *Id.* at ¶ 80. Plaintiff also seeks injunctive relief and attorneys' fees (which are recoverable by the prevailing party under BIPA). *Id*, Prayer for Relief.

6. In his Complaint, Plaintiff proposes certification of the following class:

> All individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period.

*See* Complaint, ¶ 62.

7. BIPA has a five-year statute of limitations. *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801. Thus, Flex USA assumes that Plaintiff is seeking to certify a class dating back to April 2020.

---

[1] Flex USA denies that it violated BIPA in any respect.

## II. FLEX USA'S REMOVAL IS TIMELY

8. Plaintiff served his Complaint on Flex USA on April 21, 2025. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after service of the Complaint.

## III. BASES FOR REMOVAL

9. Pursuant to 28 U.S.C. §1332(d), removal is proper under the Class Action Fairness Act ("CAFA"), because United States district courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, inclusive of interest and costs. *See* 28 U.S.C. §1332(d). Here, all three of the CAFA prerequisites are satisfied.

10. First, this class action involves a proposed class of more than 100 members. In the five years preceding the filing of Plaintiff's Complaint, over 1,050 individuals had their faces scanned for timekeeping purposes at the Buffalo Grove, Illinois location referenced in Plaintiff's Complaint. *See* **Exhibit B**, Declaration of Enrique Estrada ("Estrada Dec."), ¶ 8. Plaintiff alleges this occurred under conditions that violated BIPA.

11. Second, Plaintiff and Flex USA are citizens of different states. Plaintiff alleges that he is a citizen of Illinois. *See* Complaint, ¶ 18. Flex USA's records also reflect that Plaintiff's residence during his employment was in the State of Illinois. *See* Estrada Dec., ¶ 7.

12. Flex USA is not a citizen of Illinois. Flex USA is a corporation incorporated under California law, with its principal place of business in Texas. *See* Estrada Dec., ¶¶ 4-6.

Thus, it is a citizen of California and Texas. 28 U.S.C. § 1332(c) (outlining that a corporation is a citizen of any state where it is incorporated and where its principal place of business is located).

13. Third, the matter in controversy in this case exceeds $5 million, exclusive of interest and costs. Plaintiff seeks $5,000 statutory penalties for each putative class member. As noted above, over 1,050 individuals had their faces scanned for timekeeping purposes at the Buffalo Grove, Illinois location referenced in Plaintiff's Complaint. *See* Estrada Dec., ¶ 8.

14. Thus, assuming a $5,000 statutory penalty for each putative class member, the amount in controversy is at least $5,250,000, well more than what is required to support removal under CAFA.

**IV. VENUE AND NOTICE**

15. The United States District Court for the Northern District of Illinois, Eastern Division, is the appropriate venue for removal of the State Court Action pursuant to 28 U.S.C. §1441, which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, and Plaintiff worked at Flex USA in Buffalo Grove, Illinois, both of which are within this Judicial District.

16. Pursuant to 28 U.S.C. §1446(a), the Complaint (*see* **Exhibit A**) and the documents attached hereto as **Exhibit C** constitute all "process, pleadings, and orders" served to date on Flex USA. All filed documents in the State Court Action as of the date of this filing are attached hereto as **Exhibit D**.

17. Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal is being promptly sent to Plaintiff's counsel (by email and U.S. Mail) and promptly filed with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

18. Flex USA submits this Notice of Removal without waiving any defenses to the claim asserted by Plaintiff, without conceding liability, fault, damages or that Plaintiff has pleaded a claim upon which relief can be granted, and expressly preserving all positions on liability, damages, statute of limitations, and other legal issues, including that class certification is not appropriate.

WHEREFORE, Defendant, Flextronics International USA, Inc. hereby removes Case Number 2025CH04154 now pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Date: May 21, 2025

Respectfully submitted,

**FLEXTRONICS INTERNATIONAL USA, INC.**

By: */s/ Jennifer L. Ralph*

Josef S. Glynias
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Ste. 1500
St. Louis, MO 63105
T: (314) 480-1500
joe.glynias@huschblackwell.com

Jennifer L. Ralph
Ryan T. Probasco
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
T: (312) 655-1500
jennifer.ralph@huschblackwell.com
ryan.probasco@huschblackwell.com

*Counsel for Defendant Flextronics International USA, Inc.*

HB: 4915-2024-7107.4

## **CERTIFICATE OF SERVICE**

The undersigned hereby states that on May 21, 2025, the above and foregoing document was filed via the Court's CM/ECF filing system and served via electronic mail and U.S. mail to the following attorneys representing the Plaintiff in the state court action:

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLC
222 W. Adams Street, Suite 2020
Chicago, IL 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Counsel for Plaintiff*

/s/ *Jennifer L. Ralph*
Jennifer L. Ralph