IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RUSH, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>FLEX LTD., FLEXTRONICS INTERNATIONAL USA, INC., and FLEXTRONICS AMERICA, LLC,<br><br>      Defendants. | Case No.: 1:25-cv-05722<br>Hon. Judge Mary M. Rowland<br>Magistrate Judge Heather K. McShain |

### DEFENDANT FLEXTRONICS AMERICA, LLC'S
### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(2), Flextronics America, LLC ("Flex America"), by and through its undersigned counsel of Husch Blackwell LLP, hereby moves to dismiss the above-captioned action against it for lack of personal jurisdiction. In support of this motion, Flex America states:

    1.    Plaintiff alleges claims against Flex America (and the other Defendants in this action) for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, et seq. ("BIPA").

    2.    The Court cannot exercise general personal jurisdiction over Flex America, though, because Flex America is not at home in Illinois. *In re Sheehan*, 48 F.4th 513, 522 (7th Cir. 2022).

    3.    Specifically, Flex America is organized under Delaware law and its principal place of business is in Texas. *See* Declaration of Donald T. Rozak, Jr.[1] ("Rozak Decl."), ¶ 4. Flex America's sole member is Flextronics International USA, Inc. ("Flex USA"). Flex USA is

---

[1] Defendant notes that Mr. Rozak's Declaration is being filed as Exhibit A to the supporting Memorandum of Law being filed contemporaneously herewith.

HB: 4909-5489-1589.3

incorporated in California and its principal place of business is in Texas. *See* Rozak Decl., ¶¶ 5-6.

    4.    Flex America also has not had sufficient contact with Illinois for this Court to exercise specific personal jurisdiction over it. *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

    5.    Flex America did not employ Plaintiff, is not authorized to do business in Illinois, does not do business in Illinois, and does not require individuals to engage in timekeeping in Illinois. It did not engage in any of these actions in the five (5) years prior to Plaintiff filing his Complaint, either. *See* Rozak Decl., ¶¶ 7-10.

    6.    In further support of this Motion, Flex America contemporaneously files a supporting Memorandum.

WHEREFORE, Defendant Flex America respectfully requests that this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction and grant it any additional relief that the Court deems proper.

Date: May 28, 2025                      Respectfully submitted,

**FLEXTRONICS AMERICA, LLC.**

By: */s/ Jennifer L. Ralph*

Josef S. Glynias
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Ste. 1500
St. Louis, MO 63105
T: (314) 480-1500
joe.glynias@huschblackwell.com

Jennifer L. Ralph
Ryan T. Probasco

                                                                    HUSCH BLACKWELL LLP
                                                                    120 South Riverside Plaza, Suite 2200
                                                                    Chicago, IL 60606
                                                                    T: (312) 655-1500
                                                                    jennifer.ralph@huschblackwell.com
                                                                    ryan.probasco@huschblackwell.com

*Counsel for Defendant Flextronics America, LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby states that on May 28, 2025, the above and foregoing document was filed via the Court's CM/ECF filing system, which will send notification of such filing to all counsel of record.

      */s/ Jennifer L. Ralph*
      Jennifer L. Ralph